UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY BUCCI,<br>a/k/a "Gino,"<br>DAVID JORDAN, and<br>FRANCIS MUOLO,<br>a/k/a "Skeeter,"<br><br>Defendants. | ) | CRIMINAL NO. 04 CR 10194 RCL<br><br>VIOLATIONS:<br><br>- 21 U.S.C. § 846 - Conspiracy To Distribute, and to Possess with Intent to Distribute, Cocaine<br><br>- 21 U.S.C. § 841(a)(1) - Possession of Cocaine with Intent to Distribute<br><br>- 18 U.S.C. § 924(c)(1)(A) - Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br><br>- 18 U.S.C. § 1512(b)(3) - Witness Tampering<br><br>- 18 U.S.C. § 1001 - False Statements<br><br>- 18 U.S.C. § 2 - Aiding and Abetting |

## INDICTMENT

COUNT 1: (21 U.S.C. § 846 - Conspiracy to Distribute, and to Possess with Intent to Distribute, Cocaine).

The Grand Jury charges that:

Beginning on an unknown date, but at least by in or about December of 2003, and continuing to on or about May 20, 2004, in the District of Massachusetts,

**ANTHONY BUCCI,**
**a/k/a "Gino,"**
**DAVID JORDAN, and**
**FRANCIS MUOLO,**
**a/k/a "Skeeter,"**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons, known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved 500 grams or more of cocaine, to wit: approximately three kilograms of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

COUNT 2: **(21 U.S.C. § 841(a)(1) - Possession of Cocaine with Intent to Distribute; 18 U.S.C. § 2 - Aiding and Abetting).**

The Grand Jury further charges that:

On or about December 24, 2003, in the District of Massachusetts,

**ANTHONY BUCCI,**
**a/k/a "Gino,"**
**DAVID JORDAN, and**
**FRANCIS MUOLO,**
**a/k/a "Skeeter,"**

defendants herein, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved over 500 grams of cocaine, to wit: approximately three kilograms of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT 3:** **(18 U.S.C. § 924(c)(1)(A) - Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 2 - Aiding and Abetting).**

The Grand Jury further charges that:

On or about December 24, 2003, in the District of Massachusetts,

**ANTHONY BUCCI,**
**a/k/a "Gino,"**
**DAVID JORDAN, and**
**FRANCIS MUOLO,**
**a/k/a "Skeeter,"**

defendants herein, did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, to wit: (1) conspiracy to distribute, and to possess with intent to distribute, cocaine, in violation of Title 21, United States Code, Section 846 and (2) possession of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and did knowingly possess such firearm in furtherance of a drug trafficking crime.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

**COUNT 4:** **(18 U.S.C. § 1512(b)(3) - Witness Tampering; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges:

From on or about December 24, 2003, to on or about May 19, 2004, in the District of Massachusetts,

**DAVID JORDAN,**

defendant herein, did knowingly attempt to intimidate, threaten, and corruptly persuade another person with the intent to hinder, delay and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a Federal offense.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

**COUNT 5:** **(21 U.S.C. § 841(a)(1) - Possession of Cocaine with Intent to Distribute).**

The Grand Jury further charges that:

On or about May 20, 2004, in the District of Massachusetts,

**ANTHONY BUCCI,**
**a/k/a "Gino,"**

defendant herein, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved approximately 91 grams of cocaine.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT 6:** **(18 U.S.C. § 1001 - False Statements).**

The Grand Jury further charges that:

On or about December 26, 2003, in the District of Massachusetts,

**DAVID JORDAN,**

defendant herein, in a matter within the jurisdiction of the Drug Enforcement Administration, an agency of the United States Department of Justice, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation by stating that he forgot the name of an "Italian" that he had encountered on December 24, 2003.

All in violation of Title 18, United States Code, Section 1001.

COUNT 7: **(18 U.S.C. § 1001 - False Statements).**

The Grand Jury further charges that:

On or about December 26, 2003, in the District of Massachusetts,

**DAVID JORDAN,**

defendant herein, in a matter within the jurisdiction of the Drug Enforcement Administration, an agency of the United States Department of Justice, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation by indicating that his informant was at home at the time that **DAVID JORDAN** arrived at the Malden Medical Center on or about December 24, 2003.

All in violation of Title 18, United States Code, Section 1001.

**COUNT 8:** **(18 U.S.C. § 1001 - False Statements).**

The Grand Jury further charges that:

On or about December 31, 2003, in the District of Massachusetts,

**DAVID JORDAN,**

defendant herein, in a matter within the jurisdiction of the Drug Enforcement Administration, an agency of the United States Department of Justice, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation by indicating that the color of a Mercedes that he observed on or about December 24, 2003, was "champagne" or "greyish."

All in violation of Title 18, United States Code, Section 1001.

**FORFEITURE ALLEGATION: (21 U.S.C. § 853(a) - Criminal Forfeiture).**

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1, 2, and 5,

**ANTHONY BUCCI,**
**a/k/a "Gino,"**
**DAVID JORDAN, and**
**FRANCIS MUOLO,**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

2. If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of any defendant --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

Foreperson of the Grand Jury

Assistant U.S. Attorney
District of Massachusetts

DISTRICT OF MASSACHUSETTS: July 6th, 2004, at 4.00pm

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk