## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **CRIMINAL NO. 04-10194-RCL** |
| | **)** | |
| **ANTHONY BUCCI, et al.** | **)** | |

### Government's Opposition to Defendant Muolo's Motion to
### Amend Pretrial Conditions

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to defendant Muolo's motion to amend his conditions of pretrial release. Defendant Muolo's desire to work is insufficient to give rise to a new bail hearing. The relevant section, 18 U.S.C. §3142(f), only permits the Court to reopen a bail hearing, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required the safety of any person and the community." See 18 U.S.C. §3142(f); United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003)(party must present evidence which "constitu[es] new, material information . . . before a detention hearing can be reopened"); United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991)(upholding district court's determination not to reopen bail hearing when defendant failed to provide new, material evidence); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)(to reopen a bail hearing, judicial officer must find that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue").

Even if this Court were to determine that Muolo has presented sufficient evidence to

reopen the issue of his pretrial release, the Court should not change the existing terms of release at this time.  The amended conditions of release proposed by Muolo would prevent the Pretrial Services Office from adequately monitoring his activities.  Like defendant Jordan, Muolo seeks permission to work for a general contractor at unspecified locations which may vary from day to day if not hour to hour.  The nature of this work – which requires frequent movement from one location to another – prevents the Pretrial Services Office from verifying Muolo's compliance with terms of release.

Muolo also has a long history of the use of illegal narcotics.  In the absence of a treatment program to insure that he not engage in this conduct while on release, Muolo poses a substantial danger to the community.

For the foregoing reasons, the government respectfully requests that the Court deny Muolo's motion to amend the conditions of his release.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: December 10, 2004                    By: /s/ John T. McNeil
                                           JOHN T. MCNEIL
                                           Assistant U.S. Attorney

2