UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:04-CR-10194-RCL

UNITED STATES of AMERICA,

v.

FRANCIS MUOLO, Anthony
Bucci and David Jordan,
        Defendants.

MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO SEVER

Preliminary

Defendant Francis A. Muolo joins his co-defendants in moving to sever. He anticipates that a joint trial will injure specific trial rights, namely that the Government will offer prejudicial hearsay statements of his co-defendants in contravention of *Bruton.  Bruton v. United States*, 391 U.S. 123 (1968).

FACTS

This is a prosecution for a conspiracy to possess more than 500 grams of cocaine with intent to distribute and for brandishing a firearm in furtherance of the offense. All the defendants have made statements after the event, some before and some after their arrest. The prosecution arises out of the alleged robbery by a policeman (defendant Jordan) and his informant, Jon Minotti (now a government witness), of a Mexican narcotics trafficker under DEA surveillance, a certain Ruiz, at the Malden hospital on December 24, 2003. Francis Muolo, this

1

defendant, is alleged to have been driver of the Government's principal witness, Jon Minotti (a disgraced MCI Concord corrections officer with a history of drug trafficking and personal drug abuse).  Muolo was not at the scene of the alleged crime, but a few blocks away and could not view events.  Jon Minotti is the organizer of the alleged narcotics robbery and he is not charged under this indictment. Mr. Muolo's co-defendants are Malden Police Detective David Jordan (who allegedly brandished a gun) and Anthony Bucci (who allegedly took possession of the cocaine from Minotti.

    The Government recorded statements by co-defendant Bucci from the jail telephone during pretrial detention.  These extra-judicial statements were made long after termination of the alleged conspiracy and they are highly prejudicial.  Mr. Muolo cannot confront them unless defendant Bucci testifies - and counsel considers this unlikely.  Mr. Muolo, having no criminal record, may testify, but he will not have the opportunity to exercise his Sixth Amendment right to confront and cross examine Mr. Bucci's statements.

    In a series of conversations with his wife, Anthony Bucci discusses the events of the prosecution as he learns them from his lawyer and in the news.  At around the time of the detention hearings, Bucci receives information that makes him believe Muolo had been informing against him.  He relates to his wife that he has heard the Muolo violated his cooperation agreement with the Government and that the Government now considers Muolo a liar.

ARGUMENT

Mr. Muolo anticipates the statements of co-defendants will refer repeatedly to some failed attempt at cooperation with the Government. The obvious implication is, of course, highly prejudicial (almost a reverse of "vouching"). The jury will infer that because Mr. Muolo's cooperation was allegedly rejected, he cannot testify truthfully and that he is too culpable to receive leniency.

A court should grant severance where misjoinder "affects substantial rights"; the failure to grant a severance motion is error if the misjoinder results in actual prejudice because it "had substantial and injurious effect or influence in determining the jury's verdict." *US v. Lane*, 474 US 438, 449 (1986) citing *Kotteakos*, 328 US 750, 776 (1946).

The remedies of redaction, exclusion of certain evidence and jury instructions do not necessarily protect a defendant's *Bruton* rights. Every *Bruton* inquiry focuses on the effect of co-defendant statements upon the jury. *Gray v. Maryland*, 523 U.S. 185, 188 (1998)(*Bruton* rule applies to co-defendant's statements where the defendant's name has been replaced by a blank space or redaction symbol). The *Bruton* rule applies even where the co-defendant's statement merely corroborates defendant's own confession. *Cruz v. New York,* 481 U.S. 186, 193 (1987). In *Gray, supra,* the Court held that a "jury will often realize that [a redacted] confession refers specifically to the defendant" and "the

3

obvious deletion may well call the jurors' attention specifically to the removed name." *Gray*, 523 U.S. at 193. In *Cruz*, the Court emphasized that the "co-defendant's confession will be . . . enormously damaging if it confirms, in all essential respects, the defendant's alleged confession" where, "in the real world of criminal litigation, the defendant is seeking to avoid his confession." 481 U.S. at 192.

## CONCLUSION

For the reasons set forth above, Mr. Muolo's motion should be granted.

Dated this 7th day of May, 2005 at Boston, Massachusetts.

/s/ *Kevin L. Barron*
Kevin Lawrence Barron BBO550712
Attorney for FRANCIS MUOLO
453 Washington Street - 5th Fl.
Boston MA 02111-1325
Tel. No. 617-407-6837
Cellular 617-407-6837
Telecopier 617-517-7711
k@lawyerbarron.com


ELECTRONIC FILING