UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

                                                  Action No. 1:04-cr-10194 RCL

v.

FRANCIS MUOLO, Anthony Bucci
    and David Jordan,
        Defendant.

## MOTION FOR INTERIM VOUCHER AND MOTION TO SEAL

N O W   C O M E S defendant's counsel, Kevin Barron, and moves pursuant to the Criminal Justice Act for an order allowing counsel to submit an interim voucher. Counsel moves pursuant to LR 7.2 and the Criminal Justice Act to seal that portion of counsel's vouchers containing the District's Excel worksheet forms of billable time and services rendered.

    In support of this motion, counsel says as follows:

    1.    Counsel first appeared in this case on November 29, 2004. The case has taken longer and required more time and attention than anticipated. The case has been complex, the government producing approximately 2,000 pages of records and numerous recordings. With defendant's plea, it is apparent that the case may last several months more before proceeding to sentencing.

    2.    Given the time expended on this case, counsel believes it fair to submit an interim voucher. Counsel had avoided using this process to save court and administrative staff time, but the loss of billable time can become a burden.

3. Counsel seeks an order to seal the detailed portions of his vouchers pursuant to the impoundment process of LR 7.2. Disclosing the substance of counsel's activities before trial is usually not advisable. In this case, it appears that one defendant's plea agreement and personal data have been posted on the web at www.whosarat.com. The Criminal Justice Act contemplates non-disclosure of any detailed information on the voucher if a request for payment is submitted in the pretrial phase:

> **(d) Payment for Representation.—**
> * * * *
> **(4) Disclosure of fees.—**
>   **(A) In general.—** Subject to subparagraphs (B) through (E), the amounts paid under this subsection for services in any case shall be made available to the public by the court upon the court's approval of the payment.
>   **(B) Pre-trial or trial in progress.—** If a trial is in pre-trial status or still in progress and after considering the defendant's interests as set forth in subparagraph (D), the court shall—
>     (i) redact any detailed information on the payment voucher provided by defense counsel to justify the expenses to the court; and
>     (ii) make public only the amounts approved for payment to defense counsel by dividing those amounts into the following categories:
>       (I) Arraignment and or plea.
>       (II) Bail and detention hearings.
>       (III) Motions.
>       (IV) Hearings.
>       (V) Interviews and conferences.
>       (VI) Obtaining and reviewing records.
>       (VII) Legal research and brief writing.
>       (VIII) Travel time.
>       (IX) Investigative work.
>       (X) Experts.
>       (XI) Trial and appeals.
>       (XII) Other

18 USC §3006A(d)(4).

4. Counsel believes there is good cause that an impoundment order issue and should not be lifted until after trial. In accordance with L.R. 7.2 (c), the

cut off date for the order sought in this motion should be one month after a judgment in the trial of this matter has issued.  This request should not be construed as a blanket order of impoundment.  L.R. 7.2(e).

5. Based on the forgoing statute, counsel believes that the US and co-defendants do not have standing to oppose the sealing of voucher records before trial is over.  Notwithstanding, in accordance with local Rule 7.1, counsel has conferred with co-counsel Michael Natola and AUSA McNeil and they do not oppose this motion.  Co-counsel Dreschler was unavailable for a reply.

Dated this 14th day of February, 2006 at Boston, Massachusetts.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712
Attorney for Francis A. Muolo
453 Washington Street 5B
Boston, MA 02111-1325
Tel. No. 617-482-6368
Fax: 617-517-7711
Email: k@lawyerbarron.com

CERTIFICATE OF SERVICE

Counsel certifies that he has served AUSA's McNeil & Merrit and co-counsel Michael Natola, Esq., and Thomas Drechsler, Esq., electronically with a true copy of this motion by the CM/ECF of this District today on February 13, 2006.  No party requires service by mail.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712