UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,     )
            Plaintiff,        )
      v.                      )     Criminal No. 04-10194-RCL
                              )
ANTHONY BUCCI,                )
a/k/a "Gino"                  )
            Defendant.        )
                              )
                              )
```

**UNITED STATES' MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On or about July 6, 2004, a federal grand jury sitting in the District of Massachusetts returned an eight-count Indictment charging Defendant Anthony Bucci, a/k/a Gino ("Bucci" or the "Defendant"), with the following violations: Conspiracy to Distribute, and to Possess With Intent to Distribute, Cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count One); Possession of Cocaine With Intent to Distribute, in violation of 21 U.S.C. § 841, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Two); Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in

Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Three); and Possession of Cocaine With Intent to Distribute, in violation of 21 U.S.C. § 841 (Count Five).

2.   The Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One, Two, and Five of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853.

3.   The Indictment further provided that, if any property subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p).

4. On September 24, 2004, the United States filed a Bill of Particulars for Forfeiture of Assets adding the following assets to the forfeiture allegations of the Indictment:

> 1) One 1997 Mercedes Benz S500, Vehicle Identification Number WDBGA51G1VA349608, and Massachusetts Registration Number 3802YL, seized from Anthony Bucci, on or about May 20, 2004; and

> 2) $6,563 in U.S. Currency, seized from Anthony Bucci, on or about May 20, 2004,

(collectively, the "Properties").

5. On April 12, 2006, the Defendant was convicted by a jury of Counts One, Two, Three, and Five of the Indictment. On April 11, 2006, the Defendant had waived his right to have the jury determine forfeiture in this action.

6. Based on the evidence presented at trial, the United States has established the requisite nexus between the Properties and the offenses of which the jury convicted Bucci. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

7. As a result of Bucci's convictions, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties, or substitute assets, in a value up to the value of the Properties. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

8. Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Defendant Properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
JOHN T. MCNEIL
S. THEODORE MERRITT
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: April 28, 2006        (617) 748-3100

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Undersigned counsel certifies that pursuant to Local Rules 7.1(A)(2) and 112.1, the government has attempted to confer with counsel for the Defendant in an effort to resolve the issues presented in this motion.  Michael Natola, Esq. has filed a motion to withdraw as counsel for the Defendant and was unable to assent to the relief requested herein.  The Court has not yet ruled on Attorney Natola's motion to withdraw, and no successor counsel has entered an appearance for the Defendant.

                                        /s/ Kristina E. Barclay
                                        Kristina E. Barclay
                                        Assistant U.S. Attorney

Dated: April 28, 2006

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              /s/ Kristina E. Barclay
                                              Kristina E. Barclay
                                              Assistant U.S. Attorney

Dated: April 28, 2006