UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

                                      Action No. 1:04-cr-10194 RCL

v.

FRANCIS MUOLO, Anthony Bucci
and David Jordan,
        Defendants.


MOTION FOR DOWNWARD DEPARTURE

N O W  C O M E S  D E F E N D A N T, by his counsel, and moves, respectfully, at the May 30, 2006 sentencing hearing, for an order granting a downward departure from the sentence advised by the United States Sentencing Guidelines, pursuant to the Sentencing Reform Act and the Fifth and Sixth Amendments to the U.S. Const.  Mr. Muolo's misconduct was connected with a childhood brain injury (to his right frontal lobe) such that this Court would be warranted in imposing a non-Guidelines sentence; furthermore, the purposes of the Sentencing Reform Act will be better served by mitigating Mr. Muolo's sentence on the grounds stated in this motion.

History

The parties entered into a plea agreement on February 2, 2006 that governs their respective recommendations at sentencing.  This Court conducted a Rule 11 colloquy on February 13, 2006 and the Court accepted Mr. Muolo's guilty plea to counts I & II of the indictment (21 USC §§846 & 841(a)(1) respectively)(PSR ¶ 5).  The May 2, 2006 PSR finds that while Mr. Muolo is

subject to the five-year mandatory minimum of §841(a)(1)(PSR, p. 1), he is Safety-Valve eligible (PSR ¶32). The PSR credits two points for the Safety Valve, three points for Acceptance of Responsibility (PSR ¶¶ 23 & 37) and recommends a sentence of 46 to 57 months (PSR ¶ 93) on a Criminal History Category I (no convictions)(PSR ¶41). The plea agreement binds the government to a recommendation of not more than 60 months and the defendant to not less than 48 months (plea agreement, p. 4; PSR ¶96). The parties have agreed that the total adjusted offense level is 25 (plea agreement p. 2). The PSR notes a total adjusted offense level of 23, based on a finding that Mr. Muolo is entitled to a minor role reduction, an adjustment not discussed in the plea agreement. The government takes the position that the defense is not free to agree with Probation's finding of a minor role adjustment.

Grounds for Motion

At sentencing, Mr. Muolo will move for a departure and request a variance from (or mitigation of) a Guidelines sentence within the range permitted by the plea agreement. Mr. Muolo moves for a departure based on his unique circumstances, diminished capacity or extraordinary mental condition that leaves him with an impaired intellectual executive function. See, USSG §§5K2.13 & 5H1.3. At age four, a passing car struck young Francis Muolo down in the street, smashing his head to the ground. (PSR ¶ 63.) The accident crushed young Francis' skull and collapsed his right frontal lobe. His mother, Anne Muolo, was present and was rushed with him to the hospital. The scars of the

accident are plainly visible to this day on Mr. Muolo's forehead. Mr. Muolo's condition is described fully in the sealed report of Dr. Montgomery C. Brower, a Forensic Psychiatrist on Staff at Mclean Hospital, and in the sealed Neuropsychological Assessment of Charles Drebing, a Veterans Administration clinical psychologist.

Both clinicians have found that the injury and resulting mental impairment are directly related to Mr. Muolo's participation in the offense. Specifically, Mr. Muolo's deficit reduces his ability to understand important social information and make appropriate choices based on such information.

> Right Brain damage or dysfunction causes a person to have difficulty accurately perceiving and understanding emotional cues (for example, facial expression, tone of voice, body language), leading tom impaired social judgment…. In my clinical opinion, reports of Mr. Muolo's mother and girlfriend hat he has poor planning and organizational skills, is "naïve to people," misses the underlying meaning or social context in conversation, and fails to grasp the big picture and anticipate consequences, all largely reflect essentially life-long developmental deficits due to his childhood brain injury. Sealed February 6, 2006 report Dr. Montgomery C. Brower, pp. 8 - 9.

Mr. Muolo is eligible for a departure on these grounds because the mental condition was not caused by drug abuse and Mr. Muolo does not have any offense history.

Mr. Muolo intends to seek mitigation of his sentence based on diminished capacity/extraordinary mental condition for all the reasons set forth in 18 USC 3553(a) and contemplated by *US v. Booker*, 534 US 220 (2005). Mr. Muolo's sentence should be lower than the Guidelines indicate; this is necessary to

provide *just (not harsh)* punishment for the offense, to afford *adequate (not excessive)* deterrence to criminal conduct; to *protect* the public *from a non-violent offender* and to reeducate and rehabilitate the offender. See 18 U.S.C. § 3553(a)(2). Subject to the limitations of the plea agreement, any straight Guidelines sentence the government urges can no longer considered *per se* reasonable. This Circuit has recently conceded that a Guidelines sentence, while a starting point, is no longer *per se* reasonable. See, *United States v. Jiminez-Beltre*, No. 05-1268 (1 Cir., March 8, 2006)(Boudin, CJ, for the majority, concurrences with Lipez, J., dissenting.

The defense intends to file its sentencing memorandum more than on or before May 25, 2006.

Dated this 19th day of May, 2006 at Boston, Massachusetts.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712
Attorney for Francis A. Muolo
453 Washington Street 5B
Boston, MA 02111-1325
Tel. No. 617-482-6368
Fax: 617-517-7711
Email: k@lawyerbarron.com

CERTIFICATE OF SERVICE

Counsel certifies he has served AUSA John McNeil with a true copy of this motion today be transmitting the same to him through this District's CM/ECF. Counsel certifies further that no party requires service by other means.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712