```
 1
 2                      - - - - - - - -
 3              THE COURT:  Yes.  I spent a fair amount of time
 4   yesterday or the day before yesterday thinking about this case
 5   and thinking about the motion for a downward departure on
 6   grounds of diminished capacity.  As I said to Mr. Barron
 7   before, my thinking is the same whether we are discussing the
 8   guidelines or some sentence outside the guidelines informed by
 9   Mr. Muolo's deficits.
10              I don't think there is any disagreement that he
11   made bad judgments in this case, but I am not persuaded that
12   those judgments are the result of the frontal lobe injury.  I
13   see those judgments every day.  I realize one of the experts
14   says that he, Mr. Muolo, had less capacity than the ordinary
15   defendant to make the right judgment in this case, but while
16   the psychiatrist or psychologist said that -- I'm certain he
17   sees a lot of patients; he doesn't see as many defendants as I
18   do, I doubt he sees as many defendants -- and the judgment
19   exercise here is the same judgments I see every day.  That
20   doesn't mean that this judgment by Mr. Muolo wasn't influenced
21   by his mental condition; but when I think about that in
22   specific terms, I don't agree with Mr. Barron that some choices
23   were not made.  And it seems to me that those choices had
24   influences beyond Mr. Muolo's deficits.  He is a drug addict.
25   He did a lot of work for Mr. Minotti over the years, took a lot
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   of shorts, as he called them, because he got compensated in
 2   other ways.  He got compensated by drugs.  And at the end of
 3   this transaction here, there may be the notion that there may
 4   be some compensation by means of drugs.  There is a motive here
 5   beyond diminished capacity that I am not persuaded was -- I am
 6   not persuaded that motive was not more influential than the
 7   diminished capacity.
 8            And I have to find the diminished capacity under
 9   the guidelines substantially contributed to the commission of
10   the offense and I think I use that standard under 3553 and I
11   can't find that the diminished capacity substantially
12   contributed or at least contributed more than these other
13   motives.  And I point to the fact that the judgments exercised
14   in the last stages of this case, the ones that spring from
15   self-protection and the idea that Mr. Muolo and his
16   confederates not be caught has -- those judgments have a kind
17   of refinement that do not bespeak naivete, they bespeak rather
18   sophistication about choices to be made when confronted with
19   options to cooperate or to help one's confederates.  So I do
20   not grant the departure on diminished capacity grounds or any
21   other ground.
22            Mr. Muolo, please stand.
23            Mr. Muolo, it's the judgment of the Court that you
24   be committed to the custody of the Bureau of Prisons to be
25   imprisoned for a term of 57 months.  This is a term of 57
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1    months on each count to be served concurrently.  I will
 2    recommend that you participate in the 500-hour comprehensive
 3    drug treatment program.
 4              Upon your release from imprisonment you will be
 5    placed on supervised release for a term of four years.  This is
 6    a term of four years on each count, all such terms to run
 7    concurrently.
 8              Within 72 hours of your release from the custody of
 9    the Bureau of Prisons you will report in person to the district
10    in which you are released.  While you are on supervised release
11    you are not to commit another federal, state, or local crime.
12    You will refrain from any unlawful use of alcohol or controlled
13    substance.  You will submit to one drug test within 15 days of
14    your release and at least two periodic drug tests thereafter
15    not to exceed 104 drug tests per year as directed by probation.
16              You will submit to the collection of a DNA sample
17    as directed by probation.  You will comply with the standard
18    conditions that are set forth in the guidelines and the
19    following special conditions:  You are prohibited from
20    possessing a firearm or other dangerous weapon.  You are to
21    participate in a program for substance abuse as directed by the
22    probation officer, and that program may include testing not to
23    exceed 104 tests a year.  And to the extent that you can do so
24    yourself or through third-party payments, you are required to
25    assist in the payment of the cost of those services.  You are
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1    to participate in a mental health treatment program as directed
 2    by the probation office.  And, again, to the extent that you
 3    have the capacity to do so, you will contribute to the cost of
 4    those services either yourself or through third-party payment.
 5              I will not impose a fine.  It is my determination
 6    that you don't have the capacity to pay a fine.
 7              I will order that you pay $100 special assessment
 8    on each of the two counts of conviction for a total of $200.
 9    That's due immediately, but if you can't pay it immediately,
10    I will establish a payment plan.
11              There's one other thing that I do want to say by
12    way of stating reasons for this sentence.
13              I agree with Mr. McNeil that there has been a
14    substantial adjustment in the sentence before we got here,
15    particularly with respect to the possible responsibility of
16    Mr. Muolo for this weapon.  And the sentence I have imposed is
17    a full recognition of the seriousness of this offense.
18              This is, as Mr. McNeil has said, a robbery of a
19    drug dealer in a hospital parking lot with at least one person
20    armed and the possibility, at least as far as Mr. Muolo might
21    have been aware, of another person being armed.  It didn't turn
22    out that way, but Mr. Ruiz might have been armed.  And the
23    willingness to participate in a crime that had that potential
24    of violence is something that animates my decision to impose
25    the sentence I have imposed.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1              Let me advise, you Mr. Muolo, that you can appeal
 2    the sentence to the extent that your appeal rights have not
 3    been limited by your plea agreement.  They have been limited,
 4    and to the extent that you have rights remaining you may
 5    appeal.  Any appeal that you wish to file must begin with the
 6    filing of a notice of appeal.
 7              If you wish to appeal and you want to file a notice
 8    of appeal but can't pay the cost of the fee of filing a notice
 9    of appeal, you should notify the clerk of this court to that
10    effect and the clerk will prepare and file a notice of appeal
11    on your behalf.
12                      *  *  *  *  *  *  *  *  *
13
14
15
16
17
18
19
20
21
22
23
24
25
```

PDF created with pdfFactory trial version www.pdffactory.com