Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
          Plaintiff,

V.                                Criminal Action No. 04-10194-RCL

DAVID JORDAN and
ANTHONY BUCCI,                    April 12, 2006, 9:15 a.m.
          Defendants.             Boston, Massachusetts


PARTIAL TRANSCRIPT OF JURY TRIAL DAY 18

JURY DELIBERATIONS AND VERDICT

BEFORE THE HONORABLE PATTI B. SARIS

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

ONE COURTHOUSE WAY

BOSTON, MA  02210


DEBRA M. JOYCE, RMR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA  02210
617-737-4410

```
 1    APPEARANCES:
 2    FOR THE GOVERNMENT:
 3    JOHN T. McNEIL, ESQ.
      S. THEODORE MERRITT, ESQ.
 4    Assistant United States Attorney
      Office of the United States Attorney
 5    John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
 6    Boston, MA   02210
      617-748-3100
 7
 8    FOR THE DEFENDANT DAVID JORDAN:
 9    THOMAS DRECHSLER, ESQ.
      Finneran, Byrne & Drechsler
10    Suite 201
      50 Redfield Street
11    Boston, MA   02122
      617-265-3900
12
      MARIA A. LUISE, ESQ.
13    Balliro & Mondano
      99 Summer Street
14    Suite 1800
      Boston, MA   02110
15    781-737-8442
16
      FOR THE DEFENDANT ANTHONY BUCCI:
17
      MICHAEL F. NATOLA, ESQ.
18    63 Atlantic Avenue
      Suite 2B
19    Boston, MA   02110
      617-367-1199
20
      ANTHONY J. ROSSI, ESQ.
21    ROSSI & BLAISDELL, P.A.
      516 Broadway
22    Everett, MA   02149
      617-387-5502
23
24
25
```

1       P R O C E E D I N G S

2           (The following proceedings were held in open court

3  before the Honorable Patti B. Saris, United States District

4  Judge, United States District Court, District of Massachusetts,

5  at the John J. Moakley United States Courthouse, 1 Courthouse

6  Way, Boston, Massachusetts, on April 12, 2006.

7           The defendants, David Jordan and Anthony Bucci, are

8  present with counsel.  The Assistant United States Attorneys

9  are present.)

10          THE CLERK:  Please be seated.

11          THE COURT:  Good morning.

12          ALL:  Good morning.

13          THE COURT:  Do you want the good news or the bad

14 news?

15          The good news is that the juror is not sick anymore

16 and has come in.  And the alternate is downstairs.  That's the

17 good news.

18          The bad news is that someone from the press

19 approached one of the jurors as he walked in the building.  He

20 reported it to the security guard, and at least the way it was

21 reported to me, a member of the press asked him something about

22 his opinion on the case.

23          I'm getting it triple-hand telephone.  I thought we

24 should talk to the juror.  And I also instructed our jury clerk

25 to go down there with a security guard to make sure he wasn't

1  approaching other people.  But I can't be sure, right?
2          So what I need to do is talk to the juror, see if
3  there was any taint at all, and then I'd like to work through
4  with all of you what I should do, if anything, about the rest
5  of the members of the jury.  I have no knowledge that any of
6  the other ones were approached.  On the other hand, what if
7  someone was?  I just don't want to let it drop, you know what I
8  mean?
9          I think I would just ask one by one did anybody
10 talk to you, and just leave it that, vaguely.  Does that seem
11 like an acceptable approach?
12         MR. NATOLA:  The only question, your Honor, I would
13 prefer that it be done in a confidential setting, in other
14 words, not in open court.  On the record, however.  I think
15 that you're more likely to get a candid response from the juror
16 if it's done with the lawyers, you know, in a semi-confidential
17 way.
18         THE COURT:  I think I can do it up here at sidebar
19 confidentially rather than back in --
20         MR. NATOLA:  Sure.
21         THE COURT:  Let me just start with if you could
22 all -- where does Judge Lindsay do sidebar in here?
23         Okay.  If we started right now with Mr. -- I also
24 have the alternate downstairs -- I'm not letting him go until
25 we find out what the deal is with Mr. -- with the one juror.

512de74f-21e5-4c52-9d03-72dbf6314723

1   So --

2           MR. NATOLA: Do we know who it was from the press
3   who made the inquiry?

4           MR. McNEIL: I just wanted to say one thing, your
5   Honor. I'd like you to ask in the conference with this juror
6   to have a description of the person who approached him. There
7   have been some shenanigans in this case having to do with
8   subpoenas. The government for the attorneys in this case were
9   subpoenaed, as well as all the lawyers for some of the
10  witnesses. It would be helpful to know if this was connected
11  with those earlier shenanigans or if this is completely
12  independent.

13          On the inquiry -- this may not have been a person
14  from the press at all, it may have been somebody else posing
15  that way.

16          THE COURT: I can't answer that. I can't answer
17  that.

18          Let me just say, if there is anyone from the press
19  here -- I don't know if there is or there isn't -- no one
20  should be approaching jurors. That's a direct order. I don't
21  know for a fact, for the reasons the government said, it was
22  someone from the press, but it's a direct order. No one should
23  be approaching jurors in this case. And, also, no juror names
24  should be disclosed.

25          MR. McNEIL: With respect to the other jurors, I

1  think you can just do the usual question, have you spoken to
2  anyone about this case?  I think that would suffice.
3             THE COURT:  I'm going to do it one by one.
4             MR. NATOLA:  I think that's the better way to it.
5             THE COURT:  I just do a generic one, almost more to
6  remind them, and I think it works.  But let's just get this
7  juror out here.
8             MR. DRECHSLER:  Judge, before -- I would ask with
9  regard to the other 11 jurors, first of all, that if -- I would
10 ask the Court to simply ask them whether or not anyone
11 attempted to speak with them or communicate with them without
12 mentioning the press.
13            THE COURT:  I totally agree.
14            MR. DRECHSLER:  The second thing is, with regard to
15 this juror, I just -- obviously the inquiry is different
16 because the communication was reported.  I assume you're going
17 to ask whether or not the communication was in any way
18 discussed with any of the other jurors.
19            THE COURT:  You're going to be up there with me.
20 If I forget, you'll remind me.
21            I was also going to -- there's some members of the
22 press -- have the guy look out there and see if he sees the
23 person.
24            (Discussion off the record.)
25            (Juror entered the courtroom.

1  THE COURT: Mr. [Redacted], come on up.
2  I want to seal all the records of these sidebars.
3  (Sidebar discussion held on the record and has been
4  sealed.)
5  (End of discussion at sidebar.)
6  THE COURT: Okay. You may be seated. Thank you.
7  Good morning. I'm glad to see you're all healthy.
8  You can resume deliberations. One again, we'll come by about
9  4:30 or so if you're not done to let -- that's not true,
10 probably around 4:00, because I need to leave a little bit
11 earlier today, probably around 4:00. So if you want to
12 leave -- I need to leave by about 4:00. So if you want to stay
13 and deliberate, I would let you do that, but probably I'll
14 dismiss you around 4:00, and you'll come back the next day if
15 you're not done.
16 We'll provide you lunch and we'll hear from you
17 when you want us to.
18 THE CLERK: All rise for the jury.
19 (Jury left the courtroom at 9:32 a.m.)
20 THE COURT: I am now just going to state publicly
21 for the record, in case any members of the press got the name,
22 please not publish the name of that juror. His name I think I
23 spoke out publicly in the public record.
24 One other thing is I want to -- I'm bringing up the
25 alternate to say thank you. Do you all want to be here for

1    that?

2             MR. DRECHSLER: No.

3             THE COURT: I'm just going to say it was probably

4    inconvenient for him to sort of put his morning aside. I'll

5    bring him up and say thanks.

6             I did want to ask one question again at sidebar

7    here.

8             (At side bar on the record.)

9             THE COURT: Katie may know the answer to this, but

10   I notice something that was very interesting when I was talking

11   to those jurors is they all only listed their first names until

12   I asked. Maybe a couple of guys said their last names. I want

13   to make sure, were all the jury questionnaires --

14            COURT REPORTER: Not the lists.

15            THE COURT: We should probably get those back. So

16   unless -- so I want all the juror lists back.

17            MR. DRECHSLER: I don't have mine with me.

18            THE COURT: I just notice that it was --

19            MR. NATOLA: I don't have mine either, your Honor,

20   but I can tell you, and this is for the record, and I think

21   it's important, that that has not left my possession. I have

22   not disclosed any information from the juror lists to anybody,

23   including, but not limited to, my client. So --

24            MR. DRECHSLER: I'm in the same position.

25            MS. LUISE: Same here, your Honor.

1    MR. DRECHSLER:  I don't have it physically with me.

2    THE COURT:  Why don't you physically return that to

3  the court.  I can guarantee the jury that.  That is a question

4  they will ask.  I can ask that.  I'm going to order a CSO when

5  they leave today to walk them out of the building.  I don't

6  know who that person was.  It's weird.

7    MR. NATOLA:  Very weird.

8    THE COURT:  I don't think it's the press.

9    MR. McNEIL:  I don't know what to suggest.  I do

10 know the local Malden press was covering this thing, and it may

11 have just been an inexperienced reporter.

12   MR. MERRITT:  That gentleman is here in the back,

13 he's been here throughout the trial.

14   THE COURT:  And he didn't get identified.

15   MR. DRECHSLER:  For the record, he was sitting back

16 there not only during the entire trial, but he was here I

17 think -- his name is in the back.

18   THE COURT:  And the juror looked around for 30

19 seconds.

20   MR. DRECHSLER:  Yes, he did.

21   THE COURT:  I'm not here to cast any blame on

22 anyone, but that's unusual.

23   MR. DRECHSLER:  Yes, it is.

24   THE COURT:  And so I think we collect all those

25 lists, and I can guarantee -- I'll guarantee the jury we've

1   done that.  It didn't really hit home to me until they just

2   gave me their first names.

3           MR. DRECHSLER:  Your Honor, you don't do that until

4   after the deliberations are over.

5           THE COURT:  No, I thought I was going to do it

6   right now.

7           MR. NATOLA:  Please.  I just want the record --

8           MR. McNEIL:  The record should reflect that the

9   Court was jesting.

10          THE COURT:  The court was jesting.

11          Bring up the alternate.  I'm not going to do it on

12  the record.

13          (Recess taken from 9:36 to 11:25 a.m.)

14          THE COURT:  Good morning.  I understand that there

15  is a verdict, and we're lining the jury up.  I'm going to

16  have -- I want to make sure that if anyone thinks there's a

17  question that's not answered that should be, or other way

18  around, as you know, I'm not as close to this case as I usually

19  am.  Just say I need to see you at sidebar before we dismiss

20  the jury.

21          THE CLERK:  All rise for the jury.

22          (Jury entered the courtroom.)

23          THE CLERK:  Members of the jury, please remain

24  standing.  Defendant Bucci, Defendant Jordan, you may remain

25  standing.  Everyone else may be seated.

512de74f-21e5-4c52-9d03-72dbf6314723

1           THE COURT:  You may inquire.

2           THE CLERK:  Mr. Foreman, has the jury reached a
3   unanimous verdict?

4           JURY FOREPERSON:  Yes.

5           THE CLERK:  Would you please return your verdict to
6   the Court?

7           THE COURT:  All right.

8           THE CLERK:  Mr. Foreman, question 1.  As to count
9   one charging conspiracy to distribute and possession with
10  intent to distribute cocaine, is the defendant, David Jordan,
11  guilty or not guilty?

12          JURY FOREPERSON:  Guilty.

13          THE COURT:  Is the defendant, Anthony Bucci, guilty
14  or not guilty?

15          JURY FOREPERSON:  Guilty.

16          THE COURT:  As to question 1 A, do you find the
17  conspiracy involved 500 grams or more of a mixture or substance
18  containing a detectable amount of cocaine?

19          JURY FOREPERSON:  Yes.

20          THE COURT:  Question 2.  As to count two charging
21  possession with intent to distribute cocaine, aiding and
22  abetting, is the defendant, David Jordan, guilty or not guilty?

23          JURY FOREPERSON:  Guilty.

24          THE COURT:  Is the defendant, Anthony Bucci, guilty
25  or not guilty?

Page 12

1       JURY FOREPERSON: Guilty.

2       THE COURT: Question 2 A. Do you find as to David

3  Jordan the amount possessed with intent to be distributed was

4  500 grams or more of a mixture or substance containing a

5  detectable amount of cocaine?

6       JURY FOREPERSON: Yes.

7       THE COURT: Question 2 B. Do you find as to

8  Anthony Bucci that the amount possessed with intent to be

9  distributed was 500 grams or more of a mixture or substance

10 containing a detectable amount of cocaine?

11      JURY FOREPERSON: Yes.

12      THE COURT: Question 3. As to count three charging

13 using or carrying a firearm during and in relation to a drug

14 trafficking crime, possession of a firearm in furtherance of a

15 drug trafficking crime, do you find the defendant, David

16 Jordan, guilty or not guilty?

17      JURY FOREPERSON: Guilty.

18      THE COURT: Do you find the defendant, Anthony

19 Bucci, guilty or not guilty?

20      JURY FOREPERSON: Guilty.

21      THE COURT: Question 4. As to count four charging

22 attempted witness tampering, do you find the defendant, David

23 Jordan, guilty or not guilty?

24      JURY FOREPERSON: Guilty.

25      THE COURT: Question five. As to count five

1  charging possession with intent to distribute cocaine, do you
2  find the defendant, Anthony Bucci, guilty or not guilty?
3         JURY FOREPERSON:  Guilty.
4         THE CLERK:  Question 5 A.  As to the charge of
5  simple possession of cocaine, you have no answer?
6         JURY FOREPERSON:  Guilty.
7         THE CLERK:  5 A?
8         THE JURY:  No answer.
9         JURY FOREPERSON:  No answer, that's correct.
10        THE CLERK:  As to question 6.  As to count six
11 charging a false statement, as to defendant David Jordan,
12 guilty or not guilty?
13        JURY FOREPERSON:  Guilty.
14        THE CLERK:  Question 7.  As to count seven charging
15 a false statement, is the defendant, David Jordan, guilty or
16 not guilty?
17        JURY FOREPERSON:  Guilty.
18        THE CLERK:  Number eight.  As to count eight
19 charging a false statement, is the defendant, David Jordan,
20 guilty or not guilty?
21        JURY FOREPERSON:  Guilty.
22        THE CLERK:  So say you in your verdict,
23 Mr. Foreman, so say you, all members of the jury?
24        THE JURY:  Yes.
25        THE CLERK:  Thank you.

1      THE COURT: Thank you. You may be seated.
2              I want to thank you for your service on this jury,
3  and I know that Judge Lindsay would want me to say that, too.
4  I know it's been a long trial and you've been here for a while
5  and I do want to add a few things. The first is, that you can
6  now talk about this case with whomever you want to talk about
7  it with. You can talk about it with the press, but you don't
8  have to. You can talk about it with members of your family or
9  your friends.
10             I would say two things: Nobody from this case
11 should be in touch with you about this case. So you should not
12 talk to anybody involved with this case about the case unless
13 you do so under the orders of Judge Lindsay.
14             Second thing is, going into these deliberations,
15 many people say confidential things, it's part of the
16 deliberative process, and I would ask you to respect the
17 confidentiality of the communications of your brother and
18 sister jurors.
19             I make it a practice when I've been presiding over
20 a case to come back and say thank you. I will do that in a few
21 minutes on behalf of Judge Lindsay. For those of you who have
22 had enough of federal court, I certainly won't be insulted if
23 you decide to leave.
24             At this point what I'm going to do is I'm going to
25 recess, and then I am going to set a sentencing date.

1          So why don't we stand in recess at this point.
2          THE CLERK:  All rise for the jury.
3          (Jury left the courtroom.)
4          THE CLERK:  Please be seated.
5          THE COURT:  I've got sentencing dates for
6  Mr. Bucci -- I have them at two separate times that I've
7  received from Judge Lindsay's session.  September 18 at 2:00
8  for Mr. Bucci, September 19th at 2:30 for Mr. Jordan.
9          MR. NATOLA:  September 18th at 2:00, your Honor?
10         THE COURT:  Yes, and September 19th at 2:30.
11         MR. DRECHSLER:  2:30.
12         Two other things.  I am now revoking bail, so I'm
13  placing both Mr. Bucci and Mr. Jordan in custody.  And the
14  second thing is that I know this has been a very emotional
15  trial for a lot of the members of the family, but I also want
16  to remind you all to have no contact whatsoever with any of the
17  jurors in this case or any other witnesses or participants.
18         So at this point what we're going to do is, unless
19  there's anything else, we're going to stand in recess.
20         MR. McNEIL:  Just one matter, your Honor, I'd like
21  to take up at sidebar?
22         THE COURT:  Do we need -- all right.
23         (At sidebar on the record.)
24         Your Honor, the government would like to interview
25  Mr. [Redacted] today, not about the verdict, not about their

1  deliberations, but about the approach that this person made to
2  him.  I think it's important.  His memory is freshest today as
3  it has been in the past.
4          THE COURT:  Does anyone have an objection to that?
5          MR. DRECHSLER:  Not as long as they don't get into
6  any deliberations or anything like that.  Because if they do,
7  then I want to receive a copy of whatever it is.
8          In any case, I guess I'd like to a copy of whatever
9  report.
10         THE COURT:  Of any notes.
11         Okay.  I will ask him.  It's up to him to decide
12 whether he wants to or not.
13         MR. McNEIL:  Okay.
14         THE COURT:  I will do that.
15         MR. NATOLA:  I join in Mr. Drechsler's request,
16 your Honor.
17         THE COURT:  And I want those jury lists back for
18 everyone's protection.  I want them back.
19         MR. DRECHSLER:  Should I mail it to the Court?
20         THE COURT:  I forget where your office is.
21         Mailing is fine or --
22         MR. DRECHSLER:  It's in my office.
23         THE COURT:  I would have somebody messenger it
24 over.  I don't know what happened this morning.
25         THE CLERK:  You may want to have somebody bring it

1   to Lisa Hourihan.
2           THE COURT:  Give them to Mr. Alba.
3           MS. LUISE:  Your Honor, I've provided mine already.
4           THE COURT:  And I want them from the government,
5   too.
6           MR. McNEIL:  Okay.
7           THE COURT:  Let's stand in recess.
8           (Court adjourned at 11:33 a.m.)
9                   ¡ ¡ ¡ ¡ ¡ ¡
10                  CERTIFICATION
11          I certify that the foregoing is a correct
12  transcript of the record of proceedings in the above¡entitled
13  matter to the best of my skill and ability.
14
15
16
17  _____      _____
18  Debra M. Joyce                      Date
19  Official Court Reporter
20
21
22
23
24
25

512de74f-21e5-4c52-9d03-72dbf6314723